UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO



FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

03 FEB 13 AM 11: 12

CLERK

FREDDY VALENZUELA,

    Petitioner,

v.

                                       **CIVIL NO. 02-456 MV/DJS**

IRMA LUCERO, Warden ,

    Respondent.

## MAGISTRATE JUDGE'S AMENDED PROPOSED FINDINGS AND RECOMMENDED DISPOSITION[1]

    1. THIS MATTER is a proceeding on a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. §2254. Petitioner seeks to vacate the judgment and sentence entered in CR No. 00-04918 and CR No. 04198 Supplemental in the Second Judicial District, Bernalillo County, of New Mexico. In sum, Petitioner pleaded guilty to and was convicted of one count of Armed Robbery, a second degree felony, one count of Tampering With Evidence, a fourth degree felony, and one count of Aggravated Assault (Deadly Weapon), another fourth degree felony. In addition, Petitioner admitted to having been convicted of three counts of receiving stolen property, two counts of commercial burglary, three counts of residential burglary, and one count of larceny in addition to other felony

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

15

convictions. Pursuant to the guilty plea, Petitioner was adjudged to be an habitual offender and sentenced to twenty years imprisonment, twelve years of which were suspended. In addition, Petitioner was sentenced to five years supervised probation to follow his incarceration.

2. Petitioner challenges his conviction and sentence on three grounds: he asserts that his attorney failed to investigate his case to determine if he was being subjected to an illegal sentence; he contends that the habitual offender enhancement of his plea should have been mitigated, as this conviction represented his first for armed robbery; and that his plea was not voluntary because he was promised probation rather than a prison sentence and that promise was not kept by the prosecution. This Court concludes that Petitioner is not entitled to relief upon any of these grounds.

3. 28 U.S.C. §2254(b)(1) and (c) require that a state prisoner seeking relief must exhaust state remedies before seeking to obtain relief in a federal *habeas* proceeding. See generally, Rose v. Lundy, 455 U.S. 509 (1982). Respondent concedes and this Court finds that Petitioner has exhausted his state court remedies. Petitioner did not file a direct appeal of his conviction; however, he did file a petition for writ of *habeas corpus* with the trial court. Answer, Exhibits C. That state *habeas* petition was unsuccessful. Answer, Exhibit D. Petitioner then sought *certiorari* review of the denial of his *habeas* petition. Answer, Exhibit E. The New Mexico Supreme Court denied his petition for writ of *certiorari*. Answer, Exhibit F. Petitioner thus presented the claims in the instant petition to the highest state court.

### INEFFECTIVE ASSISTANCE OF COUNSEL

4. In order to demonstrate that his counsel's performance was so ineffective as to violate the Sixth Amendment, Petitioner must show that counsel's representation fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 688 (1984). Petitioner must also

2

demonstrate that he was prejudiced by his counsel's ineffectiveness, meaning that he must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. Id. at 694. In the context of a guilty plea, the prejudice prong of Strickland requires that Petitioner demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985).

5. Petitioner asserts that his trial counsel failed to investigate his sentence to determine if is was illegal. In a "Response" (Docket No. 12) to Respondent's Answer, Petitioner asserts that his attorney failed to learn that prior felonies can not be used in habitual offender proceedings for a first armed robbery conviction, citing State v. Keith, 102 N.M. 462, 697 P.2d 145 (N.M.Ct.App. 1985). However, Petitioner misreads the case and the law. Keith dealt with the enhancement of a sentence for a second or subsequent armed robbery by a prior armed robbery conviction, with the New Mexico Court of Appeals holding that such an enhancement was improper. Keith, 697 P.2d at 146. However, that opinion only deals with the double-enhancement of a sentence utilizing two statutes but only one conviction, Id. at 146-148, a situation not presented by Petitioner's lengthy felony history.

6. Petitioner also contends that his trial counsel did not investigate the habitual offender proceedings in his case or take time to talk to him about his case. An ineffective assistance of counsel claim must fail when the petitioner cannot identify the evidence that should have been discovered by his attorney's investigation or how such evidence would have affected the outcome of his case. See Hatch v. Oklahoma, 58 F.3d 1447, 1457 (10th Cir.1995) (rejecting an ineffective assistance claim because the petitioner did not state "what exculpatory evidence an adequate

3

investigation would have discovered or how this evidence would have affected the outcome" of a particular phase of trial); Moore v. Reynolds, 153 F.3d 1086, 1098 (10th Cir.1998) (rejecting a similar claim because the petitioner conceded he "lack[ed] factual back-up" to show what might have been discovered if his counsel had conducted a guilt-phase investigation), cert. denied, 119 S.Ct. 1266 (1999). In this instance, Petitioner offers no suggestion as to how further investigation by his attorney would have affected the outcome of the criminal proceeding. The second page of his plea agreement clearly states that he will be sentenced as an habitual offender with three prior felony convictions and that his sentence will be enhanced for eight years based upon those convictions. Answer, Exhibit B. Both Petitioner and his attorney signed the plea agreement, indicating that they had discussed the plea and that Petitioner understood his rights and the rights he was forfeiting. A defendant's statements on the record, as well as any findings made by the judge accepting the plea, constitute a formidable barrier to relief in a subsequent collateral proceeding. Blackledge v. Allison, 431 U.S. 63, 74 (1977).

### MITIGATION OF ENHANCEMENT

7. Petitioner's argument that his habitual offender enhancement should have been reduced appears to be based upon his mis-reading of State v. Keith as discussed in Paragraph 5, *supra*. As discussed therein, there is no merit to Petitioner's legal argument and his plea is not rendered involuntary as a result of the habitual offender enhancement.

### INVOLUNTARY PLEA

8. "The longstanding test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." Hill, 474 U.S. at 56 (citation and internal quotation marks omitted); accord United States

v. Carr, 80 F.3d 413, 416 (10th Cir.1996); Osborn v. Shillinger, 997 F.2d 1324, 1327 (10th Cir.1993). As a corollary, a federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and the consequences of the charges against him and that the defendant voluntarily chose to plead guilty." Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir.1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). Similarly, proof of "time pressure, stress, mental anguish, and depression" experienced in plea discussions does not establish that a defendant's plea was involuntary. Miles, 61 F.3d at 1470.

   9. Petitioner asserts that he was promised probation rather than a prison sentence. His contention flies directly in the face of the plea agreement, which states that his sentence shall be enhanced for eight years, that the state agrees to a suspension of twelve years of the underlying sentence, and that Petitioner's period of incarceration would be eight years to be followed by probation. Answer, Exhibit B, p. 3. The plea agreement also warns that violation of the conditions of probation could result in an additional sixteen years of incarceration. Id. Petitioner's contentions in his *habeas* petition directly contradict the text of the plea agreement on this point. Further, he offers the Court no evidence contradicting his affirmation of the agreement in the form of his signature upon the document. In addition, this Court must, in the absence of evidence to the contrary, presume that the terms of the plea and Petitioner's voluntary participation in it were determined by the trial court upon its acceptance and affirmation of the bargain.

   10. Petitioner has filed three motions for appointment of counsel (Docket Nos. 9, 10) and a motion for appointment of counsel and an evidentiary hearing (Docket No. 13). Because Petitioner is not entitled to relief on any of the grounds asserted, those motions must be denied.

**RECOMMENDED DISPOSITION**

That the petition be denied and this matter dismissed with prejudice.

DON J. SVET
**UNITED STATES MAGISTRATE JUDGE**